13-27-cv
Fahs Construction Group, Inc. v. Gray, et al.

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: June 13, 2013                Decided: August 8, 2013)

Docket No. 13-27-cv

FAHS CONSTRUCTION GROUP, INC.,

*Plaintiff-Appellant,*

—v.—

MICHAEL GRAY,

*Defendant-Appellee,*

JOHN VAN AUKEN, TIMOTHY FARRELL, JOHN DOE NO. 1, JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN DOE NO. 4, JOHN DOE NO. 5, JOHN DOE NO. 6,

*Defendants.*

B e f o r e:

POOLER, LOHIER, AND CARNEY, *Circuit Judges.*

Plaintiff-Appellant Fahs Construction Group, Inc., an independent contractor that provided roadway construction and paving services to the New York State Department of Transportation, appeals from a December 7, 2012

judgment of the District Court (Glenn T. Suddaby, *Judge*) dismissing its First Amendment and Equal Protection claims against Defendant-Appellee Michael Gray, a construction supervisor with DOT. We conclude that the District Court properly dismissed Fahs's First Amendment claim because Fahs's speech was not on a matter of public concern. We also conclude that the District Court properly dismissed Fahs's Equal Protection claim because the only differential treatment alleged in the complaint took place outside the limitations period. AFFIRMED.

---

> ALBERT J. MILLUS, JR. (Paul T. Sheppard, Patrick J. May, *on the brief*), Hinman, Howard & Kattell, LLP, Binghamton, NY, *for Plaintiff-Appellant.*
>
> VICTOR PALADINO (Barbara D. Underwood, Solicitor General; Andrew D. Bing, Deputy Solicitor General, *on the brief*), Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, *for Defendant-Appellee.*

---

PER CURIAM:

Plaintiff-Appellant Fahs Construction Group, Inc. ("Fahs"), a general contractor that provided roadway construction and paving services to the New York State Department of Transportation ("DOT"), appeals from a December 7, 2012 judgment of the District Court (Glenn T. Suddaby, *Judge*) dismissing its First Amendment and Equal Protection claims against Defendant-Appellee Michael Gray, a construction supervisor with DOT.

We review the grant of a motion to dismiss *de novo*. Capital Mgmt. Select Fund Ltd. v. Bennett, 680 F.3d 214, 219 (2d Cir. 2012). In so doing, we

2

accept "all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 107 (2d Cir. 2012) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## I.  First Amendment Claim

Fahs alleges that after it became embroiled in a series of disputes with DOT relating to its work on two DOT projects, Gray took a number of retaliatory actions against Fahs in connection with Fahs's work on a third DOT project.

In Pickering v. Board of Education, 391 U.S. 565 (1968), the Supreme Court recognized that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417 (2006) (citing Pickering, 391 U.S. at 568). Pickering and its progeny "identify two inquiries to guide interpretation of the constitutional protections accorded to public employee speech":

> The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the

3

employee has no First Amendment cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises. The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.

Garcetti, 547 U.S. at 417 (internal citations omitted); see also Pickering, 391 U.S. at 568 (concluding that the scope of a public employee's First Amendment rights depends on the "balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees").

Fahs is not a public employee, but rather an independent contractor. In Board of County Commissioners v. Umbehr, 518 U.S. 668 (1996), however, the Supreme Court held that independent contractors hired by the State are protected by the First Amendment and that "the Pickering balancing test, adjusted to weigh the government's interests as contractor rather than as employer, determines the extent of their protection." Id. at 673.

We need not reach the balancing portion of the Pickering test here because Fahs's speech was not "on a matter of public concern." Garcetti, 547 U.S. at 417. The *content* of Fahs's speech was almost exclusively personal to the company. In filing claims with DOT, Fahs sought to recover additional compensation and secure extensions of time to complete its projects.

4

Although at times Fahs's speech may have "touch[ed] on a topic of general importance," it "primarily concern[ed] an issue that is personal in nature" – Fahs's compensation. Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011) (internal quotation marks omitted). The *context* of Fahs's speech was also almost exclusively personal. The complaint makes clear that Fahs's speech was meant to – and did – achieve the "resol[ution] [of its] claims to the substantial advantage of Fahs." Compl. ¶ 42. Nothing in the complaint suggests that Fahs attempted to use the claims process to shed light on DOT's contracting practices more generally. In addition, the *form* of Fahs's speech was exclusively nonpublic. In filing its claims and requests for extensions of time, Fahs availed itself of a dispute resolution mechanism entirely internal to DOT. Nothing in the complaint suggests that Fahs made a single public statement or ever intended to make such a statement.

In sum, Fahs spoke not on matters of public concern but rather on matters of purely personal significance. We therefore affirm the District Court's judgment dismissing Fahs's First Amendment claim.[1]

---

[1] Fahs argues that its complaint also states a claim under the First Amendment's Petition Clause because the "public concern" requirement does not apply to petition clause claims. Appellant's Br. at 31-32. Fahs concedes that it did not raise this argument before the District Court, Appellant's Reply Br. at 6 n.1, and we therefore decline to consider it now, see, e.g., In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 255 n.8 (2d Cir. 2011).

## II.  Equal Protection Claim

Fahs also alleges that Gray violated its right to equal protection by treating it differently than a similarly situated contractor, Lancaster Development, Inc. ("Lancaster").

The Equal Protection Clause has traditionally been applied to governmental classifications that treat certain *groups* of citizens differently than others.  See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008).  In Village of Willowbrook v. Olech, 528 U.S. 562 (2000), however, the Supreme Court recognized that the Equal Protection Clause can "give[ ] rise to a cause of action on behalf of a 'class of one' where the plaintiff [does] not allege membership in a class or group."[2]  Id. at 564.  Where a class-of-one theory is available, the plaintiff must allege "that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) (internal quotation marks omitted).

---

[2]  In Engquist, 553 U.S. at 598, the Court held that "the class-of-one theory of equal protection does not apply in the public employment context."  We need not determine whether Engquist controls here because, as we explain below, Fahs's Equal Protection claim is clearly barred by the statute of limitations.

The statute of limitations on an Equal Protection claim brought in New York under 42 U.S.C. § 1983 is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Such a claim accrues when the plaintiff knew or should have known of the disparate treatment. Id. at 80. Where a plaintiff challenges a "continuous practice and policy of discrimination, however, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotation marks omitted). To trigger such a delay, the plaintiff "must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).

Fahs brought suit in February 2010. The complaint alleges that Fahs's discriminatory treatment vis-à-vis Lancaster occurred principally between 2003 and 2005, well outside the three-year limitations period. These events cannot form the basis of Fahs's Equal Protection claim unless Fahs has also alleged "non-time-barred acts taken in furtherance of [the] policy" of discrimination. Id. The only acts described in the complaint that are alleged to have occurred within the three-year limitations period are Gray's alleged refusals to "close out" (i.e., to complete the financial reconciliation of) the Fahs contract. But there are no comparable allegations about the treatment

7

Lancaster received during the close-out phase of *its* contract.[3]  Because Fahs

has not alleged any "non-time-barred acts" of discrimination, there is no basis

to delay the start of the limitations period.  Id.  And because the only

differential treatment alleged in the complaint took place outside the

limitations period, Fahs's Equal Protection claim is time barred.

We have considered Fahs's remaining arguments and find them

unpersuasive.  Accordingly, the judgment of the District Court is

**AFFIRMED**.

---

[3]  In support of its Equal Protection claim, Fahs proffered to the District Court a document, obtained through a public records request, purportedly demonstrating that the close-out period of Lancaster's contract with DOT extended through July 2008, within the limitations period.  We discern no error in the District Court's denial of Fahs's request to take judicial notice of this document pursuant to Federal Rule of Evidence 201(b).  But even if we did, we would still affirm the dismissal of Fahs's Equal Protection claim.  That the Lancaster close-out period continued into July 2008 says nothing about the treatment Lancaster received during that period, much less render plausible the claim that Fahs received less favorable treatment than Lancaster.  Fahs's suggestion that it needs discovery to allege its Equal Protection claim more fully is unavailing.  See Fink v. Time Warner Cable, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam).