11-4451-cv
Lakner v. Lantz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*[*]

_____

GEORGE S. LAKNER, M.D.,

*Plaintiff - Appellant*,

v.                                                                 No. 11-4451-cv

THERESA C. LANTZ, COMMISSIONER OF THE
CONNECTICUT DEPARTMENT OF CORRECTIONS,

*Defendant - Appellee.*[**]

_____

---

[*] Judge Christopher F. Droney, a member of the original panel, subsequently recused himself. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

[**] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:        LEON M. ROSENBLATT, Law Offices of Leon M.
                      Rosenblatt, West Hartford, Connecticut.


FOR APPELLEE:         JANE R. ROSENBERG (Gregory T. D'Auria, Solicitor
                      General, Nancy Brouillet, Assistant Attorney General, *on the*
                      *brief*), Assistant Attorney General *for* George Jepsen,
                      Attorney General for the State of Connecticut, Hartford,
                      Connecticut.

Appeal from the United States District Court for the District of Connecticut (Robert

N. Chatigny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant George S. Lakner appeals from the district court's order and

judgment of September 30, 2011, granting the defendant-appellee's motion for summary

judgment on his claim of retaliation in violation of the First Amendment. We assume the

parties' familiarity with the facts and procedural history of this case, which we summarize

only so far as is necessary to understand our rulings.

Lakner commenced this action pursuant to 42 U.S.C. § 1983 following the termination

of his employment with the University of Connecticut Health Center ("UCHC"). Lakner had

been employed as a Principal Psychiatrist with UCHC, which was contracted to provide

treatment to prison inmates at the Connecticut Department of Corrections' ("DOC") York

Correctional Institution. Lakner alleged that appellee Theresa C. Lantz, Commissioner of

DOC,[1] procured the termination of his employment with UCHC, because Lakner had some

---

[1]Although the original caption of this appeal listed both DOC and Commissioner Lantz as defendants-appellants, review of the record reveals that Lakner's complaint named only Lantz, who consequently is the sole appellee.

2

years earlier filed a claim and lawsuit for breach of contract against DOC, following DOC's decision to terminate a personal services contract it had with Lakner. In granting appellee's motion for summary judgment, the district court concluded that Lakner's prior litigation did not raise a matter of public concern, and as a result, that his claim of retaliation in violation of the First Amendment failed as a matter of law. We agree with the district court, and affirm its judgment.

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). When, however, a public employee "speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest," a federal court will ordinarily not "review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick v. Myers,* 461 U.S. 138, 147 (1983). "A matter of public concern is one that relates to any matter of political, social, or other concern to the community." *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (quotation marks omitted). To determine whether an employee's First Amendment activity touches upon a matter of public concern, the court considers "the content, form, and context" of the activity, *Connick*, 461 U.S. at 147, as well as whether the activity "was calculated to redress personal grievances or whether it had a broader public purpose." *Singer*, 711 F.3d at 339 (quotation markets omitted).

On appeal, Lakner makes three arguments. First, he argues that because he alleges that appellee retaliated against him for filing a lawsuit, his claim arises under the Petition

Clause of the First Amendment, rather than under the Free Speech Clause, and that he therefore is not required to demonstrate that the prior litigation raised a matter of public concern. Second, he argues that he is not subject to the public concern requirement because he had served DOC as a "private employee" – or in common parlance, an independent contractor – rather than as an employee.[2] Finally, he contends that the district court erred in concluding that his previous litigation against DOC did not raise a matter of public concern. All three arguments fail.

First, it is well established that "[t]he considerations that shape the application of the Speech Clause to public employees apply with equal force to claims by those employees under the Petition Clause." *Borough of Duryea v. Guarnieri*, __ U.S. __, 131 S.Ct. 2488, 2495 (2011). "Whether [the] claim is based on the filing of the complaint itself (and thus brought under the First Amendment's Petition Clause) or is instead based on speech contained within [the] proceeding (and thus cognizable under the Free Speech Clause) it is subject to the same public concern test." *Singer*, 711 F.3d at 342. Accordingly, "[w]hen a public employee petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way, as it does in speech cases." *Guarnieri*, 131 S.Ct. at 2500. Thus, Lakner's characterization of his claim as arising under the Petition

---

[2]Although Lakner was an employee of UCHC (and thus a public employee) at the time of the alleged retaliation, he was not then an employee of DOC, whose Commissioner is alleged to have retaliated against him. Lakner does not argue that his lack of an employment relationship with DOC at the time of the alleged retaliation entitles him to greater protection under the First Amendment than is afforded to a public employee retaliated against by his own public employer. Nor does he argue that the public concern rule does not apply because his contract with DOC had been terminated before he filed his earlier lawsuit. We therefore express no view on any argument that might have been predicated on these facts.

4

Clause does not relieve him of the obligation to demonstrate that his prior litigation touched upon a matter of public concern.

Second, the fact that Lakner's prior relationship with DOC was as an independent contractor rather than as an employee does not alter the analysis.[3] Although there are various differences between employees and independent contractors, these differences "can be accommodated by applying [the] existing framework for government employee cases to independent contractors." *Board of County Comm'rs v. Umbehr*, 518 U.S. 668, 677 (1996); *see also Fahs Constr. Grp. v. Gray*, 725 F.3d 289, 291 (2d Cir. 2013) (applying standard public employee First Amendment retaliation analysis to retaliation claim of independent contractor). Thus, independent contractors, like public employees, must demonstrate that their First Amendment activity touched upon a matter of public concern in order to be entitled to First Amendment protection. *See Umbehr*, 518 U.S. at 685 ("To prevail, [the independent contractor] must show that the termination of his contract was motivated by his speech on a matter of public concern."); *Fahs Constr. Grp.*, 725 F.3d at 291 ("We need not reach the balancing portion of the *Pickering* test here because [the independent contractor's] speech was not on a matter of public concern." (quotation marks omitted)).

_____

[3]We note that this argument is not properly before us in any event. Lakner did not make this argument in opposition to the motion for summary judgment, instead raising it for the first time in connection with a motion for reconsideration after summary judgment had been granted. The district court rejected the argument as untimely, as well as finding it meritless. Lakner did not separately appeal the denial of his motion for reconsideration, and this Court "generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (quotation marks omitted).

Finally, the district court properly concluded that Lakner's prior litigation against DOC did not touch upon a matter of public concern. That litigation was calculated to redress Lakner's personal grievance regarding DOC's breach of his contract.[4] It did not relate to any "political, social, or other concern" of the community, but rather to Lakner's personal interest in obtaining compensation.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4]Lakner had been fired by DOC for bringing alcohol onto prison grounds in violation of his contract and DOC regulations. He successfully sued for a severance payment because DOC had not given him the contractually required 30-day notice.