13-3871-cv
*Safepath Systems LLC v. N.Y.C. Dep't of Educ.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

PRESENT:

      GUIDO CALABRESI,
      JOSÉ A. CABRANES,
      DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAFEPATH SYSTEMS LLC, GYM DOOR REPAIRS, INC.,

     *Plaintiffs-Appellants,*

     -v.-                                                No. 13-3871-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, DENNIS M. WALCOTT, AS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, THE BOARD OF TRUSTEES OF THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, CITY OF NEW YORK, JOHN T. SHEA, AS CHIEF EXECUTIVE OFFICER OF THE NEW YORK CITY DEPARTMENT OF EDUCATION DIVISION OF SCHOOL FACILITIES, VOLKERT BRAREN, AS DIRECTOR OF PROGRAM MANAGEMENT OF NYCDOE, CHRIS COYLE, AS BOROUGH CONTRACT MANAGER OF NEW YORK CITY DEPARTMENT OF EDUCATION, THOMAS FANIZZI, AS MANHATTAN MAINTENANCE PLANNER OF NEW YORK CITY DEPARTMENT OF EDUCATION AND DIVISION OF SCHOOL FACILITIES, JOHN DOES 1-5, WHOSE NAMES ARE NOT PRESENTLY KNOWN, AS

AGENTS, SERVANTS AND EMPLOYEES OF THE CITY OF NEW YORK,

        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ERIC SU (Anurima Sonu Ray, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | MICHAEL J. PASTOR (Kristin M. Helmers, *on the brief*), *for* Zachary Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment, entered October 7, 2013, of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART** insofar as it dismissed plaintiffs' due process claims and **VACATED IN PART** insofar as it dismissed plaintiffs' First Amendment retaliation claims, and **REMANDED** for further proceedings consistent with this Order.

Plaintiffs Safepath Systems LLC ("SSL") and Gym Door Repairs, Inc. ("GDR") appeal from the judgment of the District Court granting defendants' motion to dismiss. They brought claims under 42 U.S.C. § 1983 against the City of New York (the "City"), New York City Department of Education ("NYCDOE"), New York City School Construction Authority ("NYCSCA"), and a number of City, NYCDOE, and NYCSCA employees (collectively, "defendants"). Plaintiffs allege that defendants violated their constitutionally-protected procedural and substantive due process rights, in violation of the Fourteenth Amendment. They also allege that defendants retaliated against them for plaintiffs' exercise of their First Amendment rights.

We otherwise assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), "accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party." *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

## A. Procedural Due Process Claim

The District Court was correct to dismiss plaintiffs' procedural due process claim, because the plaintiffs were not deprived of any constitutionally cognizable property interest. "To state a claim for deprivation of property without due process of law, a plaintiff must identify a property interest protected by the Due Process Clause." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010).

Here, plaintiffs' claims arise from the "Safe Path System," their patented system of electric folding partitions primarily used in school gyms. They contend that the combination of a New York State statute (Education Law § 409-f), a state regulation (New York State Education Department Commissioner's Regulation § 155.25), and a specification (New York City School Construction Authority Manual § 2.02(G)(4)) (collectively, the "mandates") created a property interest. Specifically, they argue that, read in combination, these regulations required that plaintiffs' patented Safe Path System be used in all New York City schools and that plaintiffs be the sole contractors permitted to install and repair them. Plaintiffs assert that defendants failed to enforce these mandates and thereby deprived plaintiffs of property. They also allege that defendants barred them from future contracts for work in City schools and amended the specification to remove mention of the Safe Path System.

Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Such an interest cannot be created out of "an abstract need or desire for it," nor from a "unilateral expectation of it"; rather, a plaintiff must "have a legitimate claim of entitlement to it." *Id.* A statutory benefit is not a protected entitlement if it may be denied at the government's discretion or if the law does not create an *individual* entitlement. *Harrington*, 607 F.3d at 34–35; *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion."); *W. Farms Assocs. v. State Traffic Comm'n of State of Conn.*, 951 F.2d 469, 472 (2d Cir. 1991) ("[U]niversal benefits are not property interests protected by the Due Process Clause."); *Kelly Kare, Ltd. v. O'Rourke*, 930 F.2d 170, 175 (2d Cir. 1991) ("If the statute, regulation, or contract in issue vests in the state significant discretion over the continued conferral of that benefit, it will be the rare case that the recipient will be able to establish an entitlement to that benefit.").

Although defendants were obliged to abide by the mandates while they were in force, the specification and regulation could be changed in defendants' discretion (as in fact the specification was). And the mandates did not create an *individual* entitlement for plaintiffs that guaranteed an

3

ongoing employment, contractual, or vendor relationship with the City. "Ordinarily, there is no constitutionally protected property interest in prospective government employment." *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002). That is particularly true under New York's competitive bidding system, in which "bidders lack property rights in future contracts to be awarded under competitive bidding procedures." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1352 (2d Cir. 1994); *see also Conduit & Found. Corp. v. Metro. Transp. Auth.*, 66 N.Y.2d 144, 148–49 (1985) ("Neither the low bidder nor any other bidder has a vested property interest in a public works contract.").

Because plaintiffs did not possess a cognizable property interest in the Safe Path System being installed in all City schools or in maintaining those that were installed, their procedural due process claim was properly dismissed.

### B. Substantive Due Process Claim

Plaintiffs' substantive due process claim was also properly dismissed, because they did not identify a constitutionally-protected property right. *See Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) ("In view of our conclusion that [plaintiffs] possessed no protectible property interest . . . , it would appear obvious that [defendants'] termination of those payments in no way violated the substantive due process rights of [plaintiffs]."); *cf. Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring) ("Even if one assumes the existence of a property right, . . . not every such right is entitled to the protection of substantive due process. While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution.").

Alternatively, plaintiffs contend that defendants engaged in arbitrary and conscience-shocking behavior. These allegations are entirely conclusory and, in any event, appear to be based solely on the deprivation of rights we have determined were not protected property interests.

Even if we were to assume that plaintiffs' right to these contracts could be considered fundamental under the Due Process Clause, the defendants' alleged conduct in depriving them of that right was not "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *See Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (internal quotation marks omitted).

Accordingly, the District Court quite properly rejected the plaintiffs' substantive due process claim.

### C. First Amendment Retaliation Claim

The District Court erred, however, in dismissing plaintiffs' First Amendment retaliation claim.

4

It is well-established that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Although plaintiffs are independent contractors rather than public employees, their First Amendment rights are still protected: The Supreme Court has held that "proper application of the *Pickering* balancing test," "adjusted to weigh the government's interests as contractor rather than as employer," is appropriate for both public employees and independent contractors. *Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 673, 678 (1996); *see also Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 291 (2d Cir. 2013).

To make out a First Amendment retaliation claim, a plaintiff must demonstrate that "'(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination.'" *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2004) (quoting *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 382 (2d Cir. 2003)).

Here, plaintiffs claim they were retaliated against for complaining of, and making public, defendants' failure to comply with the various mandates. Specifically, plaintiffs allege that they notified defendants of their failure to comply, and, upon seeing no result, also notified the New York City Department of Investigations ("NYCDOI") and the New York State Attorney General's Office ("NYAG"). Plaintiffs also filed a lawsuit in New York state court pursuant to NYCPLR Article 78 to compel defendants to enforce the law, regulation, and manual. Plaintiffs allege that defendants thereafter "instructed contractors . . . to 'never use' GDRI or SPS on any NYCDOE or NYCSCA projects." They also "removed (or caused the removal of) the Safe Path System from the specifications of NYCSCA."

The District Court concluded that plaintiffs failed to allege any adverse action in retaliation for their speech, on the basis that they had no property interest in servicing and installing their Safe Path Systems in City schools. In doing so, it erred by addressing only whether plaintiffs were deprived of a property interest.

It is true that "retaliation cannot be established where no adverse action has been alleged." *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010). The Supreme Court has held, however, that a First Amendment retaliation claim does *not* require any property interest protected by the Due Process Clause: "[E]ven though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *see also Umbehr*, 518 U.S. at 674 (applying "unconstitutional conditions" doctrine to First Amendment retaliation against independent contractors).

5

Plaintiffs allege that they suffered "lost business opportunities and revenue, and deprivation and infringement of Plaintiffs' rights as the owners and registrants of the intellectual properties related to the Safe Path System." Joint App'x 30. At the motion to dismiss stage, we must credit those allegations, which are certainly plausible given that contractors were ostensibly instructed never to contract with plaintiffs on City projects.

Accordingly, the District Court's conclusion that plaintiffs did not allege an adverse action was in error.

On appeal, defendants also press the argument that plaintiffs were not speaking on a matter of public interest, because they have a business interest in the result.

"[A] topic is a matter of public concern for First Amendment purposes if it is 'of general interest,' or 'of legitimate news interest,' or 'of value and concern to the public at the time' of the speech." *Jackler v. Byrne*, 658 F.3d 225, 236 (2d Cir. 2011) (quoting *City of San Diego, Cal. v. Roe*, 543 U.S. 77, 83–84 (2004)). Plaintiffs' complaints and their subsequent lawsuit were of public interest, because they were publicly asserting that defendants were failing to comply with the law, thereby allegedly endangering New York City schoolchildren. That there is an ancillary private interest (here, plaintiffs' profit motive) does not preclude First Amendment protection for speech that accuses defendants of failing to follow the law.

Equally important here, however, is plaintiffs' right to petition the government for a redress of grievances. "The rights to complain to public officials and to seek administrative and judicial relief from their actions are protected by the First Amendment." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002); *see also White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1059 (2d Cir. 1993) (right to petition claims governed by same constitutional analysis as free speech claims). Thus, even if the topic had not been of public interest, by complaining to defendants, the NYCDOI, and the NYAG, and by filing the Article 78 petition, plaintiffs were engaging in protected speech.

Plaintiffs have also met the third element required to allege First Amendment retaliation. At the pleading stage, "[i]t is sufficient to allege facts from which a retaliatory intent on the part of the defendants *reasonably may be inferred*." *Dougherty*, 282 F.3d at 91 (emphasis supplied). Given the chronology of events as alleged, we conclude that there are questions of fact as to retaliatory intent that cannot properly be determined on a motion to dismiss.

Accordingly, we vacate the District Court's dismissal of plaintiffs' First Amendment retaliation claim and remand for further proceedings consistent with this Order.

We also remand for consideration by the District Court of the claim for injunctive relief. In so doing, we do not intimate any views as to the appropriateness *vel non* of such relief.

6

## CONCLUSION

We have reviewed the record and considered plaintiffs' remaining arguments on appeal, and find them to be without merit. For the reasons set out above, we **AFFIRM IN PART** the October 7, 2013, judgment of the District Court insofar as it dismissed plaintiffs' due process claims, **VACATE IN PART** insofar as it dismissed plaintiffs' First Amendment retaliation claims, and **REMAND** for further proceedings consistent with this Order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court