13-1962-cv
Norton v. N.Y. State Dep't of Corr. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
                    REENA RAGGI,
                    DENNY CHIN,
                              *Circuit Judges*.

-----------------------------------------------------------------------
GILSOMENA M. NORTON,
                              *Plaintiff-Appellant,*


                    v.                                                          No. 13-1962-cv


DENNIS BRESLIN, KATHLEEN GERBING, LT. R. BOURGELAIS, FELIX EZEKWE, M.D., each being sued in their individual capacity,
                              *Defendants-Appellees,*


NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES (NYSDOCS), DEPUTY SUPERINTENDENT LAWRENCE ZWILLINGER, NURSE ADMINISTRATOR SHARON MCGILVARY, each being sued in their individual and official capacity, SUPERINTENDENT DENNIS BRESLIN, DEPUTY SUPERINTENDENT KATHLEEN GERBING, LT. R.

1

BOURGELAIS, FACILITY HEALTH SERVICES DIRECTOR FELIX EZEKWE, M.D., each being sued in their official capacity,

*Defendants.* [*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    ANTHONY MAHONEY, (Linda M. Cronin, Christopher Bellistri, *on the brief*), Cronin & Byczek LLP, Lake Success, New York.

APPEARING FOR APPELLEES:    JASON HARROW (Barbara D. Underwood, Solicitor General, Richard P. Dearing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 17, 2013, is AFFIRMED.

Plaintiff Gilsomena M. Norton appeals from the dismissal of her 42 U.S.C. § 1983 claim against defendants Dennis Breslin, Kathleen Gerbing, Lt. R. Bourgelais, and Felix Ezekwe, M.D., sued in their individual capacities for unlawful retaliation in violation of the First Amendment while Norton was an employee of the New York State Department of Correctional Services.[1] She alleges that the retaliation was based on her complaints of

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

[1] The district court also dismissed Norton's claims against defendants in their official capacities because state officials in their official capacity are not "persons" within the

2

race-based discrimination, under-staffing, forced-overtime, and violations of the Health Insurance Portability and Accountability Act ("HIPAA") Pub. L. 104–191, 110 Stat. 1936 (codified in scattered sections of 18, 26, 29, & 42 U.S.C.). We review de novo the dismissal of a complaint under Fed. R. of Civ. P. 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of Norton. See Fahs Constr. Grp., Inc. v. Gray, 725 F.3d 289, 290 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

"Regardless of the factual context, we have required a plaintiff alleging retaliation to establish speech protected by the First Amendment." Weintraub v. Bd. of Educ., 593 F.3d 196, 200 (2d Cir. 2010) (internal quotation marks omitted). For speech by a public employee to be protected by the First Amendment, the employee must be "speaking as a citizen on a matter of public concern." Ross v. Breslin, 693 F.3d 300, 305 (2d Cir. 2012) (internal quotation marks and ellipsis omitted).

Whether speech "addresses a matter of public concern is a question of law for the court to decide." Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (internal quotation marks omitted). To answer this question, "we evaluate whether the speech

---

meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); accord Reynolds v. Barrett, 685 F.3d 193, 204 (2d Cir. 2012). Norton does not challenge this conclusion, and we therefore treat these official capacity claims as abandoned on appeal. See Lederman v. N.Y. City Dep't of Parks & Recreation, 731 F.3d 199, 203 n.1 (2d Cir. 2013).

relates to any matter of political, social, or other concern to the community, and whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." Hoyt v. Andreucci, 433 F.3d 320, 330 (2d Cir. 2006) (internal quotations marks and citations omitted). "[M]ere employee grievances do not qualify as matters of public concern." Id. There is no categorical approach, however, "that places all speech aimed at redressing personal grievances in the employment context beyond the scope of the First Amendment." Huth v. Haslun, 598 F.3d 70, 74 (2d Cir. 2010). Rather, "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003) (internal quotation marks omitted).

Norton, who is African-American, complained that she was denied advancement in favor of a white employee with less seniority, and that specific white employees were treated better than she was. This is a quintessential employee grievance that may well be protected by the Equal Protection Clause, see Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 316 (2d Cir. 2002), but not by the First Amendment. To be sure, a complaint of "system-wide discrimination" can raise a public concern, but where the complaint is "personal in nature and generally related to [the employee's] own situation," it is unprotected by the First Amendment. Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993) (internal quotation marks omitted). Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004), on which Norton relies, warrants no different conclusion.

4

There, we identified a public concern in an alleged practice or policy of selectively subjecting African-Americans to disciplinary proceedings on account of their race, even though victims' complaints also stated personal grievances. Id. at 313–14, 320. Here, however, Norton's complaints of personal discrimination are not connected to any broader policy or practice and, thus, do not raise a public concern of systemic discrimination. Like the district court, we conclude that her complaints are not First Amendment protected speech.

Nor does Norton allege that she complained about general HIPAA violations; rather she alleges that she reminded defendants of HIPAA disclosure protections when they asked her to give information concerning her own off-duty provision of health care to her mother and other patients. Nothing in this alleged statement reached beyond a "generalized public interest in the fair or proper treatment of public employees," which we have said is "not enough" to trigger First Amendment protection. Ruotolo v. City of New York, 514 F.3d at 190. Indeed, Norton admits that she was complaining of "personal violations of her and/or her mother's medical and health information." Appellant's Br. 19–20. Nevertheless, she argues that, because she complained about more general HIPAA violations while working at a different facility, the court should infer that her HIPAA complaint here at issue concerned general patient confidentiality as well as her own. Precedent is to the contrary. "[R]etaliation against the airing of generally personal grievances is not brought within the protection of the First Amendment by the mere fact

5

that one or two of a public employee's comments could be construed broadly to implicate matters of public concern." Ruotolo v. City of New York, 514 F.3d at 190 (internal quotation marks and alteration omitted).

Finally, while Norton's alleged complaints of forced overtime and under-staffing might implicate concerns for staff and patient safety, read in context, it is apparent that their primary focus is Norton's own work situation. See Jackler v. Byrne, 658 F.3d 225, 236 (2d Cir. 2011). Specifically, Norton complained of being forced to work overtime during, and immediately after, nine 16-hour days over a two-week period. Similarly, she complained of understaffing within days of informing her employer that she intended to file grievances related to her schedule. Even drawing all reasonable inferences in Norton's favor, these complaints assert primarily personal grievances. See Ruotolo v. City of New York, 514 F.3d at 190; see also Appellant's Br. 15 (admitting mixed motivations in that "she was concurrently concerned for her own well-being" when complaining about staffing).

That conclusion is only reinforced by the non-public form of Norton's complaints. "Nothing in the complaint suggests that [she] made a single public statement or ever intended to make such a statement." Fahs Constr. Grp., Inc. v. Gray, 725 F.3d at 291 (noting form of speech was "exclusively nonpublic" where plaintiff "availed itself of a dispute resolution mechanism entirely internal to [the Department of Transportation]"). Norton communicated her staffing concerns only to her supervisor, and her overtime

6

concerns only to management and the New York State Department of Labor, with which she also filed a separate complaint for overtime pay. In light of the context and form of her complaints, we conclude, as the district court did, that they did not address a matter of public concern and were therefore unprotected by the First Amendment.

We have considered the remainder of Norton's arguments and consider them to be without merit. The order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court