Cutie v. Sheehan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of April, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

DANIEL J. CUTIE, CUTIE PHARMA-CARE, INC.,

             *Plaintiffs-Appellants*,

             v.                                      14-3855

JAMES G. SHEEHAN, former New York State Medicaid Inspector General, in his individual capacity, ANGELO J. RUPERTO, in his individual and official capacities, MARTIN MCMAHON, in his individual and official capacities, DENNIS ROSEN, New York State Medicaid Inspector General, in his official capacity,

             *Defendants-Appellees*.[1]

_____

Appearing for Appellants:     David M. Cost, Hiscock & Barclay, LLP, Albany, NY.

_____

[1] The Clerk of Court is directed to amend the official caption to conform with the caption above. Dennis Rosen is automatically substituted for James C. Cox pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appearing for Appellees:      Victor Paladino, Assistant Solicitor General (Barbara D.
Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor
General, *on the brief*), *for* Eric T. Schneiderman, Attorney General
of the State of New York, Albany, NY, *for Defendants-Appellees
James G. Sheehan, Angelo J. Ruperto, and Dennis Rosen.*

Steven V. DeBraccio (Margaret E. Dunham, *on the brief*),
O'Connor, O'Connor, Bresee & First, P.C., Albany, NY, *for
Defendant-Appellee Martin McMahon.*

Appeal from the United States District Court for the Northern District of New York
(D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Daniel Cutie and the pharmacy he co-owns, Cutie Pharmacare, Inc., appeal from the
September 25, 2014 judgment of the United States District Court for the Northern District of
New York (D'Agostino, *J.*), granting defendants' motion for summary judgment. We assume the
parties' familiarity with the underlying facts, procedural history, and specification of issues for
review.

"We review a district court's grant of summary judgment de novo." *Baldwin v. EMI Feist
Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015). In reviewing the district court's grant of summary
judgment, we "constru[e] all evidence in the light most favorable to the non-moving party, and
affirm[] only where 'there is no genuine issue as to any material fact and the movant is entitled to
judgment as a matter of law.'" *Hubbs v. Suffolk Cty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir.
2015) (citation omitted) (quoting Fed. R. Civ. P. 56(a)).

Plaintiffs argue that the district court erred in granting summary judgment to defendants
on their (1) class-of-one equal protection claims, (2) procedural due process claims premised on
property interests, and (3) stigma-plus due process claims.

## I. Class-of-One Equal Protection Claims

Plaintiffs first appeal the dismissal of their class-of-one equal protection claims.

Although the Equal Protection Clause "has traditionally been applied to governmental
classifications that treat certain *groups* of citizens differently than others," *Fahs Constr. Grp.,
Inc. v. Gray*, 725 F.3d 289, 291 (2d Cir. 2013), a plaintiff who is in a "'class of one'" may bring
an equal-protection claim "where the plaintiff alleges that she has been intentionally treated
differently from others similarly situated and that there is no rational basis for the difference in
treatment," *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on a class-of-
one claim, a plaintiff must establish that:

(i) no rational person could regard the circumstances of the plaintiff to differ from
those of a comparator to a degree that would justify the differential treatment on

2

the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Neilson v. D'Angelis,* 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon,* 531 F.3d 138 (2d Cir. 2008)).

Here, no reasonable juror could infer from the proffered evidence that any differential treatment of plaintiffs was irrational or based on an illegitimate government policy. As to the decision to exclude plaintiffs from the Medicaid program, the undisputed evidence demonstrated that defendants excluded several pharmacies that engaged in misconduct similar to the misconduct in which the Office of the Medicaid Inspector General found plaintiffs to have engaged. As to the decision to contact plaintiffs' customers about the impending exclusion, plaintiffs failed to identify a similarly situated "closed-door" pharmacy that defendants treated differently. Accordingly, the district court correctly granted summary judgment on these claims.

## II. Procedural Due Process Claims Premised on Property Interests

Next, plaintiffs appeal the dismissal of their procedural due process claims premised on property interests. Plaintiffs allege that they were deprived of the "goodwill" of their business when government officials notified their customers of a pending sanction against them, which plaintiffs contend hurt their image with their customers.

To prevail on a Fourteenth Amendment procedural due process claim, plaintiffs must show that they "'possessed a protected liberty or property interest, and that [they were] deprived of that interest without due process.'" *McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2d Cir. 2001) (quoting *Hynes v. Squillace,* 143 F.3d 653, 658 (2d Cir. 1998)).

As an initial matter, we doubt that plaintiffs were deprived of any constitutionally protected property interest. It is settled that "defamation is not, absent more, a deprivation of a liberty or property interest protected by due process." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004); *see also Paul v. Davis*, 424 U.S. 693, 708-09 (1976). We doubt, therefore, that plaintiffs can state a cognizable due process claim simply by classifying the damage to their reputation as damage to the "goodwill" of their business. Moreover, the only injury that plaintiffs assert aside from damage to their reputation is lost future revenues from customers who used Medicaid and who stopped placing orders with plaintiffs. But our case law suggests that medical providers do not have a constitutionally protected property interest in such future revenue. *See Concerned Home Care Providers, Inc. v. Cuomo*, 783 F.3d 77, 91-92 (2d Cir. 2015) (holding that plaintiffs could not assert a protected "property right in the future [Medicaid reimbursements] generated by their business" because "a Medicaid provider has no property interest in or contract right to reimbursement at any specific rate or, for that matter, to continued participation in the Medicaid program at all" (internal quotation marks omitted)). Thus, we doubt that plaintiffs suffered a cognizable deprivation of property.

In any event, we need not conclusively decide this issue because, even assuming that plaintiffs were deprived of a constitutionally protected property interest, they cannot show that

the process they received here was inadequate. As noted, plaintiffs allege that their goodwill was damaged when government officials notified their customers about a pending sanction that would exclude plaintiffs from the Medicaid program. But Plaintiffs received ample process to appeal that sanction before it went into effect. As the district court recognized:

> Plaintiffs were notified of the administrative appeal process upon being alerted [to] their pending exclusion and Plaintiffs successfully availed themselves of that process, resulting in a censure rather than exclusion. Moreover, Plaintiffs were entitled to and utilized the process afforded by a CPLR Article 78 proceeding. As part of the Article 78 proceeding, the state court granted Plaintiffs' application for temporary injunctive relief, thereby preventing Plaintiffs from being excluded from the Medicaid program pending the conclusion of their administrative appeal.

*Cutie v. Sheehan*, No. 11-CV-66, 2014 WL 4794195, at *18 (N.D.N.Y. Sept. 25, 2014). We agree with the district court that these procedures provided plaintiffs with constitutionally adequate process. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976); *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 466-67 (2d Cir. 2006). Although Plaintiffs contend that they were entitled to pre-deprivation process before any phone calls were made related to the pending exclusion, the district court found that "affording pre-deprivation process would have been otherwise impractical and potentially allowed the exclusion to go into effect before [defendants] could contact the impacted [customers]. Moreover, Defendant McMahon's discretionary decision to contact the [customers] was not arbitrary or an abuse of discretion." *Cutie*, 2014 WL 4794195, at *18. We agree with the district court's conclusion that time constraints justified the lack of process before the phone calls. *See Catanzaro v. Weiden*, 188 F.3d 56, 61 (2d Cir. 1999). For all these reasons, dismissal of these claims was proper.

### III. Stigma-Plus Due Process Claims

Finally, plaintiffs appeal the dismissal of their stigma-plus due process claims.

To prevail on a stigma-plus due process claim, a plaintiff must prove two things: (1) "utterance of a false statement that damaged his reputation in connection with the burdensome action" (the "stigma") and (2) "some action by the [state] imposing a tangible and material burden" (the "plus"). *O'Connor v. Pierson*, 426 F.3d 187, 195 (2d Cir. 2005). Both the "stigma" and the "plus" must come from state action. *See Sadallah*, 383 F.3d at 37-38. The district court granted summary judgment for defendants after concluding, as a matter of law, that plaintiffs had failed to establish the first component of their claims, stigma.

We affirm, but on different grounds. Plaintiffs allege that they suffered stigma when defendants told plaintiffs' customers that they had re-dispensed medications. They also argue that they raised a triable issue on the "plus" element (1) because they were "placed . . . on a list of excluded Medicaid providers," Appellants' Br. at 48, and (2) because of defendants' "communications" of "false statements," Appellants' Br. at 50. Both theories fail. First, in all likelihood, an actual exclusion from Medicaid does not constitute a tangible and material state-imposed burden sufficient to support a "stigma-plus" claim. *See Senape v. Constantino*, No. 93 CIV 5182 (SS), 1995 WL 29502, at *8-9 (S.D.N.Y. Jan. 26, 1995) (holding that a doctor's exclusion from Medicaid did not constitute a "plus"), *aff'd*, 99 F.3d 401 (2d Cir. 1995). But

4

whether it does or not, the mere *announcement* of a prospective exclusion does not suffice where, as here, the exclusion never takes effect and is quickly overturned. Nor can the alleged harm flowing from the defamation itself serve as the "plus." *See Sadallah*, 383 F.3d at 39 (holding that damage to business reputation and business goodwill are not harms that are "in addition to" the alleged defamation, but rather are "direct deleterious effects of that defamation" (internal quotation marks omitted)).

\*     \*     \*

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk