**Harry J. ELLIS, Plaintiff,**

v.

**William WILKINSON, Defendant.**

**No. 14–CV–3538 (JFB)(AKT).**

United States District Court,
E.D. New York.

Signed Jan. 28, 2015.

James S. Henry, SAG Harbor Group, Inc., SAG Harbor, NY, Victor John Yannacone, Jr., Yannacone & Yannacone PC, Patchogue, NY, for Plaintiff.

Steven C. Stern, Mark A. Radi, Sokoloff Stern LLP, Carle Place, NY, for Defendant.

## MEMORANDUM AND ORDER

JOSEPH F. BIANCO, District Judge:

On June 5, 2014, plaintiff Harry J. Ellis ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York law against William Wilkinson ("Wilkinson" or "defendant"), the former supervisor of the Town of East Hampton ("the Town"). The gravamen of

plaintiff's complaint is that Wilkinson retaliated against him for reporting environmental concerns.

Presently before the Court is the defendant's motion to dismiss the amended complaint. For the following reasons, the Court grants the motion and dismisses the federal claims in the amended complaint with leave to re-plead. Furthermore, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this juncture, and dismisses them without prejudice. Finally, the Court denies defendant's request for an award of attorney's fees.

## I. BACKGROUND

### A. Facts

The following facts are taken from the amended complaint, and are not findings of fact by the Court. Instead, the Court will assume these facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

This action arises from the Town of East Hampton's efforts to construct a stormwater retention pond on a .76 acre of wetlands adjacent to plaintiff's home. Plaintiff claims that the Town initiated this project to retaliate against plaintiff for acting as an environmental whistleblower against a Keith Grimes ("Grimes"), who is a friend of Wilkinson. Wilkinson was the Town Supervisor from January 2010 to January 2014. (Am. Compl. at ¶ 2–7.)

Specifically, plaintiff claims that, in the spring of 2010, plaintiff investigated Grimes for "illegal dredging and other environmentally-destructive activities on Lake Montauk," and reported these findings to the New York State Department of Environmental Conservation ("DEC"). (*Id.* at ¶ 4–5.) Plaintiff claims that the DEC issued notices of violation to Grimes on June 15, 2010, and that Wilkinson took action against the plaintiff immediately thereafter. (*Id.* at ¶ 6–7.) Plaintiff claims that on September 22, 2010, Wilkinson ordered plaintiff to cease using the wetlands adjacent to his home, and asserted Town ownership over this property. (*Id.* at ¶ 8–9.) Plaintiff also claims that from June 2010 to October 2010 Wilkinson coordinated a Town effort to submit "a detailed plan and formal application for a DEC permit to construct a massive, costly, environmentally-dubious project on this narrow strip of wetlands." (*Id.* at ¶ 10.)

In October 2010, plaintiff filed a petition in New York State Supreme Court, Suffolk County, contesting the Town's title to the strip of wetlands at issue. The wetlands project has been stayed pending the resolution of that action, because on February 7, 2011, the parties entered into a stipulation,[1] under which the Town agreed not to take any action with respect to the construction project, and further agreed not to " 'interfere' in any way with Plaintiff's present use" of the wetlands parcel. (*See* Docket Entry 19–6.) The state court lawsuit remains pending, however, and plaintiff alleges that the Town has evaded discovery, in bad faith and at a substantial litigation cost to plaintiff. (*Id.* at ¶ 142–48.)

---

1. The stipulation is neither referenced within nor attached to the amended complaint, and therefore it is not within the ambit of the pleadings. Nonetheless, the Court may consider this stipulation because it is a matter of public record of which judicial notice may be taken. *See Brown v. Doe*, No. 13 Civ. 8409, 2014 WL 5461815, at *3, 2014 U.S. Dist. LEXIS 152925, at *8 (S.D.N.Y. Oct. 28, 2014) ("it is routine for courts to take judicial notice of court documents, 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' " (quoting *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir.1991))).

Plaintiff filed this action on June 5, 2014, seeking monetary damages and injunctive and declaratory relief. On July 10, 2014, plaintiff filed an amended complaint. Defendant filed a motion to dismiss the amended complaint on August 25, 2014, and plaintiff filed an opposition to that motion on September 25, 2014. Defendant filed a reply on October 9, 2014, and the Court heard oral argument on October 31, 2014.

This matter is fully submitted, and the Court has fully considered the submissions of the parties.

## II. MOTION TO DISMISS

### A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir.2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir.2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal,* setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). First, district courts must "identify[ ] pleadings that, be-

cause they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### B. Discussion

First, the Court considers defendant's argument that plaintiff's Section 1983 claims are time-barred. Defendant contends that plaintiff's claims against him are untimely because the last alleged act of retaliation occurred in October 2010; the statute of limitations for a Section 1983 claim is three years; and plaintiff did not commence this action until June 5, 2014. (*See* Def. Mem., at 7.) In his opposition, plaintiff argues that his claims are timely under the continuing violation doctrine. (*See* Pl.'s Opp., at 7.) Second, the Court considers whether plaintiff's remaining claims are ripe for adjudication.

For the following reasons, the Court concludes that plaintiff's claims arising from the events in 2010 are time-barred, and that all claims relating to the Town's future intention to proceed with the project are unripe.

### 1. Statute of Limitations

There exists no federal statute of limitations for Section 1983 claims. *See Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 377–81, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow

the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In New York, Section 214 of the New York Civil Practice Law and Rules sets forth a three year statute of limitations for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y. C.P.L.R. § 214(2). New York law also determines "whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir.2007) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002)). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir.2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)).

■ Although the statute of limitations is an affirmative defense, it "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998) (citing, *inter alia, Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989)).

■ Here, it is clear from the face of the complaint that plaintiff's claims relating to events predating the state court lawsuit are untimely. Plaintiff's claims for retaliation and discrimination accrued when the Town first took action on the project, which plaintiff claims occurred in September 2010. *Cf. Wash v. Cnty. of Rockland*, 211 F.Supp.2d 507, 511–12 (S.D.N.Y.2002) (holding that § 1983 claim for retaliation based on commencement of disciplinary hearings accrued on the date of the earliest hearing). Because plaintiff filed the complaint in this action on June 5, 2014—more than three years after the project was initiated—his claims against Wilkinson are untimely. The Court notes that, even if plaintiff's claims accrued as late February 2011, the date the Town stipulated to hold the wetlands project in abeyance, plaintiff's claims would still be untimely.

■ Moreover, plaintiff's invocation of the continuing violation doctrine is unavailing. Under this theory, a claim that challenges a "continuous practice and policy of discrimination" may not accrue until the last discriminatory act in furtherance of the policy. *See Fahs Construction Group, Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013). "To trigger such a delay, the plaintiff must allege both (1) the existence of an ongoing policy of discrimination and (2) some non-time-barred acts taken in furtherance of that policy." *Id.* However, "discrete acts of discrimination or retaliation" are not subject to the continuing violation doctrine. *Colvin v. State Univ. College at Farmingdale*, No. 13–CV–3595, 2014 WL 2863224, at *17, 2014 U.S. Dist. LEXIS 85678, at *54 (E.D.N.Y.2014). Here, plaintiff has not alleged a single retaliatory act that falls within the limitations period, much less an act that is not discrete.

■ In order to meet the second requirement of the continuing violation doctrine, plaintiff argues that the Town's conduct in the pending state court action constitutes retaliation that delays the accrual of his claims. Specifically, plaintiff claims that, in offering a defense in the state court action and opposing plaintiff's

discovery requests, the Town has retaliated against him. To state the obvious, the Town is entitled to defend against a lawsuit, and need not cede to plaintiff's demand for title to the wetlands parcel.

At oral argument, the Court asked plaintiff what precedent, if any, supports his argument that *the defense* of a civil litigation (as opposed to initiating a lawsuit) can constitute actionable retaliation under the First Amendment. The lone case upon which plaintiff relies, *Roman Catholic Diocese of Rockville Ctr. v. Incorporated Village of Old Westbury*, No. 09 CV 5195, 2011 WL 666252, at *13, 2011 U.S. Dist. LEXIS 14268, at *42 (E.D.N.Y. Feb. 14, 2011) does not stand for this proposition. As Judge Hurley noted in his opinion, the plaintiff in that case did not allege that the defendant had wrongfully defended against the plaintiff's state court lawsuit. *Id.* ("With respect to the Diocese's claims regarding the State Court Action, the Complaint alleges that the Diocese commenced that action but does not allege that the Village acted wrongfully or in a discriminatory fashion by litigating the State Court Action."). To the extent that case contemplates the possibility of a Section 1983 action premised on the defense of a civil lawsuit, that is plainly dicta. In any event, this Court disagrees with plaintiff that the conduct alleged here (namely, defending a lawsuit and "evading" discovery requests) can give rise to a plausible First Amendment retaliation claim, or to a plausible claim based on any of the other constitutional violations alleged by plaintiff—including an Equal Protection violation, as well as procedural and substantive due process violations. Thus, plaintiff's constitutional claims are time-barred to the extent that they relate to events that occurred prior to June 5, 2011.

█ Although not raised by plaintiff, the Court also has considered whether the doctrine of equitable tolling applies. With respect to equitable tolling in Section 1983 actions, it is well-settled that federal courts should borrow the forum state's tolling rules. *See Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)), *cert. denied*, 538 U.S. 922, 123 S.Ct. 1574, 155 L.Ed.2d 313 (2003); *accord Keating v. Carey*, 706 F.2d 377, 381 (1983). As the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists under federal law. *Keating*, 706 F.2d at 382. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996). Thus, the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Johnson*, 86 F.3d at 12 (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.1985)). However, "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *Johnson*, 86 F.3d at 12. For example, under the equitable tolling doctrine, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Keating*, 706 F.2d at 382.

█ In the instant case, there is absolutely no basis to apply the doctrine of equitable tolling. Plaintiff was aware of the allegedly unconstitutional conduct in 2010, and has failed to provide to the Court any facts that could give rise to equitable tolling. Under these circumstances, the Court finds that plaintiff failed

to act with reasonable diligence in pursuing his claim during the three-year period and, therefore, that there are no grounds for equitable tolling. *See, e.g., Nicolosi v. City of New York*, No. 04 Civ. 82(DAB), 2006 WL 3392736, at *4, 2006 U.S. Dist. LEXIS 84474, at *11 (S.D.N.Y. Nov. 20, 2006) (dismissing Section 1983 claims as time-barred and finding no basis for equitable tolling); *Mitchell v. Bell*, No. 9:04–CV–1490, 2006 WL 3043126, at *5 (N.D.N.Y. Oct. 23, 2006). As the Second Circuit has noted, "[t]hough plaintiffs might find the result harsh, the 'harshness ... is largely a self-inflicted wound.' " *Johnson*, 86 F.3d at 13 (quotations and citations omitted).

In sum, plaintiff's constitutional claims that arise from the alleged acts of Wilkinson and the Town in 2010 are time-barred. In addition, the Town's defense of the civil lawsuit brought by plaintiff in 2010 does not revive these time-barred claims under the continuing violation doctrine, and cannot give rise to a plausible constitutional claim in this case. Moreover, there is no basis for equitable tolling. Accordingly, the Court grants the defendant's motion to dismiss plaintiff's constitutional claims arising from that alleged conduct.

### 2. Standing and Ripeness

To the extent plaintiff's claims arise from the Town's intention to proceed with the wetlands project, these claims are not justiciable, and must be dismissed without prejudice.

■■■ "The jurisdiction of federal courts is defined and limited by Article III of the Constitution[, and] the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.' " *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). "Justiciability is a term of art embracing the constitutional and related jurisprudential limi-

tations placed upon the jurisdiction of Federal courts." *Jones v. Deutsch*, 715 F.Supp. 1237, 1242 (S.D.N.Y.1989). To determine whether a case is justiciable under Article III, a court must consider the doctrines of "ripeness, standing, mootness, advisory opinion, and political question." *Id.*

Although they are separate doctrines, ripeness and standing "virtually transect one another" in this case, *id.*, because when "measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir.2000) (citation and internal quotation marks omitted); *see also Brennan v. Nassau Cnty.*, 352 F.3d 60, 65 n. 9 (2d Cir.2003) (per curiam) (" 'The doctrines of ripeness and standing are intertwined.... If a plaintiff has not yet suffered a concrete injury-in-fact, he or she lacks standing, even though it is possible that in the future such an injury will occur. Yet such a suit could also be said to suffer from a lack of ripeness because the circumstances have not yet developed to the point where the court can be assured that a live controversy exists.' " (quoting 15 James Wm. Moore, Moore's Federal Practice § 101.71 (3d Ed.2003)) (alteration in original)).

■■■ "It is axiomatic that '[t]here are three Article III standing requirements: (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision.' " *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir.2009) (quoting *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir.2009) (alteration in original)); *see also Lamar Adver. of*

*Penn, LLC v. Town of Orchard Park, N.Y.,* 356 F.3d 365, 373 (2d Cir.2004) ("To meet Article III's constitutional requirements for standing, a plaintiff must allege an actual or threatened injury to himself that is fairly traceable to the allegedly unlawful conduct of the defendant." (citation and internal quotation marks omitted)).

 To meet Article III's injury-in-fact requirement, plaintiff's alleged injury "must be 'concrete and particularized' as well as 'actual or imminent, not conjectural or hypothetical.'" *Baur v. Veneman,* 352 F.3d 625, 632 (2d Cir.2003) (additional quotation marks omitted) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Furthermore, the alleged injury must "affect[ ] the plaintiff in a personal and individual way to confirm that the plaintiff has a personal stake in the controversy and avoid having the federal courts serve as merely publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding." *Id.* (citations and internal quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements," *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130.

 In addition, for claims to be justiciable under Article III, "courts have long recognized that the controversy, as an initial matter, must be ripe." *Kittay v. Giuliani,* 112 F.Supp.2d 342, 348 (S.D.N.Y. 2000) (citing *Marchi v. Bd. of Cooperative Educ. Servs.,* 173 F.3d 469, 478 (2d Cir. 1999) and *Thomas v. City of N.Y.,* 143 F.3d 31, 34 (2d Cir.1998)), *aff'd,* 252 F.3d 645 (2d Cir.2001). "'The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *N.Y. Civil Liberties Union v. Grandeau,* 528 F.3d 122, 130 (2d Cir.2008) (quoting

*Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)). "Both are concerned with whether a case has been brought prematurely, but they protect against prematureness in different ways and for different reasons. The first of these ripeness requirements has as its source the Case or Controversy Clause of Article III of the Constitution, and hence goes, in a fundamental way, to the existence of jurisdiction. The second is a more flexible doctrine of judicial prudence, and constitutes an important exception to the usual rule that where jurisdiction exists a federal court must exercise it." *Simmonds v. I.N.S.,* 326 F.3d 351, 357 (2d Cir.2003).

Although the plaintiff must independently establish that he has standing to bring this action, and that his claim is ripe, the Court will analyze these inquires together because this case concerns whether plaintiff's injury is currently concrete, and not hypothetical, which implicates both standing and ripeness. *See Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.,* 462 F.3d 219, 225–26 (2d Cir.2006) ("Because LSC's ripeness arguments concern only that shared requirement—*i.e.,* LSC challenges the claim's ripeness on essentially the same grounds as those related to the plaintiffs' standing—it follows that our analysis of LSC's standing challenge applies equally and interchangeably to its ripeness challenge. We therefore do not address ripeness separately, but consider it together with, and as part of, the standing inquiry."), *abrogated on other grounds by Bond v. United States,* ——— U.S. ———, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011); *Thomas,* 220 F.3d at 1138 ("The overlap between these concepts has led some legal commentators to suggest that the doctrines are often indistinguishable.")

Here, the contested project has been stayed pending the adjudication of a state court lawsuit contesting the Town's property rights to the wetlands parcel. For this reason, the project cannot go forward until plaintiff's dispute is resolved. Moreover, if plaintiff is successful in contesting the Town's property interest in the parcel, the wetlands project will be terminated. For this reason, the prospect of construction on the wetlands parcel is speculative at best. The Court, therefore, concludes that the harm plaintiff seeks to redress in this action is neither imminent nor concrete. Thus, plaintiff's claims relating to the prospective wetlands project are unripe for adjudication at this time, and must be dismissed without prejudice.

### 3. State Law Claims

Because the Court dismisses as untimely and unripe all of plaintiff's federal claims, the Court need not consider, at this juncture, the balance of defendant's arguments for dismissing the federal claims in the amended complaint. Defendant has also moved to dismiss the state law claims on several grounds, including plaintiff's failure to serve a notice of claim. However, "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06–CV–6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir.1986)). Therefore, in the instant case, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.2006)

(quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir.2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99–CV–3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over plaintiff's remaining state law claims, and dismisses such claims without prejudice.

### C. Leave to Amend

Having concluded that plaintiff has failed to state a plausible claim under Section 1983, the Court has considered whether he should be afforded an opportunity to amend his complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."

Here, plaintiff's claims against the defendant are untimely and unripe. Better pleading would not cure this defect in these claims, and leave to amend these claims is therefore denied. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint); *Grace v. Rosenstock*, 228 F.3d

40, 53 (2d Cir.2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Bridgeforth v. U.S. Navy Recruitment Office,* No. 11–CV–431 (TJM/RFT), 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) ("Amendment would be futile here because Plaintiff's claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action. Thus, his claims are time barred, and amendment would be futile because repleading would not cure the timeliness deficiency." (internal citation omitted)); *Vargas v. Ciarletta,* No. 09–CV–8981 (SAS)(TH), 2010 WL 4447636, at *1 (S.D.N.Y. Nov. 4, 2010) ("[I]f the claims the plaintiff seeks to add would be barred by the applicable statute of limitations, amendment would be futile and leave to amend should be denied.").

Thus, leave to amend the complaint to assert the claims discussed in this opinion is denied.[2] However, plaintiff's counsel represented at oral argument that in October 2011, Town officials entered plaintiff's property and took down political signs on his lawn. Although the statute of limitations may present a bar to such a claim, the statute of limitations is an affirmative defense, and not a pleading requirement, and therefore the Court grants plaintiff leave to file a second amended complaint that asserts claims arising from that incident. If plaintiff files an amended complaint asserting a federal claim related to the removal of the political signs and asserting state court claims related thereto, defendant may renew his motion to dismiss any state law claims at that time.

### D. Defendant's Motion for Attorneys' Fees

Defendant contends that he is entitled to attorneys' fees in connection with the mo-

tion to dismiss. In particular, defendant argues that such fees are proper because plaintiff's lawsuit was frivolous. For the reasons that follow, defendant's motion for attorneys' fees is denied.

■ 42 U.S.C. § 1988(b) provides that:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title … title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C.A. § 1988(b). However, if the prevailing party is the defendant, attorneys' fees will only be awarded if the plaintiff's claim was " 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " *Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d Cir.1986) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam)); *see also Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir.1994) (citations omitted). The defendant does not need to prove bad faith, but proving so will support an award of attorneys' fees. *Rounseville,* 13 F.3d at 632 (citing *Davidson v. Keenan,* 740 F.2d 129, 133 (2d Cir.1984)).

■ The Court has no reason to believe that plaintiff knew at the time the lawsuit was filed that it was frivolous or that it was filed in bad faith. As discussed *supra,* the claims related to 2010 are clear-

---

**2.** Of course, should plaintiff's claims become ripe, he is free to re-assert them.

ly time-barred, but plaintiff attempted to argue that the ongoing litigation (and defendant's conduct in that litigation) regarding the wetlands extended the statute of limitations. Although that argument is extremely weak, the Court finds that the filing of the lawsuit and the opposition to the motion do not warrant an award of attorneys' fees. In his opposition, plaintiff cited case authority and attempted to raise legal theories that would support extending the statute of limitations. Plaintiff also advanced case authority and alleged facts to attempt to overcome the ripeness issue regarding potential harm from defendant's future activity with respect to the wetlands parcel. The Court does not view plaintiff's opposition to have been submitted in bad faith or to otherwise warrant the award of fees. Although plaintiff was incorrect in his legal positions, his erroneous assumptions do not rise to the level to warrant an award of attorneys' fees against him under Section 1988.

In short, the Court does not believe attorneys' fees are warranted under the particular circumstances of this case. *See, e.g., Mareno v. Rowe,* 910 F.2d 1043 (2d Cir.1990) ("The positions advanced by [plaintiff] and his attorney, however faulty, were not so untenable as a matter of law as to necessitate sanction. Nor did they constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."); *see also Scientific Components Corp. v. Sirenza Microdevices, Inc.,* No. 03 Civ. 1851(NGG) 2007 WL 1026411, at *5 (E.D.N.Y. Mar. 30, 2007) ("The court agrees that [the defendant] has been imprudent in choosing to litigate this claim. However, Rule 11 sanctions

are not appropriate where there is a viable claim that is weak."); *Eisenberg v. Yes Clothing Co.,* No. 90 Civ. 8280(JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak."); *see generally Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (warning against the use of "hindsight logic" that "because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").[3]

Accordingly, defendant's motion for attorneys' fees under Section 1988 is denied.

## III. Conclusion

For the reasons set forth herein, the Court grants the defendant's motion to dismiss the federal claims, and grants plaintiff leave to file an amended complaint that is consistent with this Order. The amended complaint must be filed within 30 days of the date of this Memorandum and Order. The Court declines to exercise supplemental jurisdiction over any state law claims at this juncture and, in its discretion, dismisses those claims without prejudice.

SO ORDERED.

---

**3.** This Court recognizes that this motion is brought under Section 1988, rather than Rule 11. However, the Court believes that the Rule 11 cases provide helpful guidance to the Court's consideration of this issue under Section 1988. *See, e.g., Banks v. Prudential Cali-* *fornia Realty,* 15 F.3d 1082, 1994 WL 6572, at *5 (9th Cir.1994) ("This court has held that the Rule 11 standard is identical to the standard used to determine whether or not a prevailing civil rights defendant is entitled to attorneys' fees.") (citation omitted).